UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN SONDEREGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01026-MTS |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| SERVICER FOR US BANK, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant[1] U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., as Successor to LaSalle Bank, N.A. as Trustee, for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset Backed Certificates, Series 2007-3 ("Defendant") Motion to Dismiss, Doc. [71], Counts I and XVI of the Second Amended Complaint, Doc. [68]. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**[2]

Plaintiff Kevin Sonderegger ("Plaintiff") filed this lawsuit asserting claims against Defendant and several co-defendants relating to representations allegedly made to Plaintiff by other parties regarding modifications to Plaintiff's two mortgages. Only the first mortgage is relevant to Plaintiff's claims against Defendant.

Plaintiff alleges that "sometime around October of 2009," Home Retention Services Inc.

---

[1] Plaintiff incorrectly named Defendant as "U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-3."

[2] The Court draws these facts from Plaintiff's allegations in the Second Amended Complaint, Doc. [68]. In so doing, the Court must liberally construe the complaint in favor of Plaintiff and must grant all reasonable inferences in his favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

1

("HRS"), a co-defendant separately represented in this action, made several representations that induced him to stop paying his mortgage payments in order to qualify for a HAMP loan modification. After purportedly relying on these representations, Plaintiff stopped making payments on the first mortgage, which was due on December 1, 2009. In August 2010, Plaintiff discovered he was charged additional fees and discovered that the principal balance on the first mortgage was higher than expected. Plaintiff alleges that at all times the agent and entity rendering the loan modification advice represented themselves as the Home Modification Department of First Franklin Financial Corp. ("First Franklin"), a co-defendant separately represented in this action. In reality, Plaintiff alleges that HRS, Bank of America (a co-defendant separately represented in this action), and Merrill Lynch Inc. (a co-defendant separately represented in this action), concealed their identities under the guise of First Franklin, to administer the loan modification. Plaintiff did not discover the identity of HRS until 2019.

On June 30, 2020, Plaintiff filed his state court petition naming this Defendant and seven co-defendants. Doc. [6]. In the Second Amended Complaint, Plaintiff asserts sixteen Counts, only two against this Defendant: (1) Negligent Misrepresentation/Fraudulent Concealment – First Mortgage Modification (Count I) and (2) quiet title (Count XVI). Doc. [68]. Defendant now moves to Dismiss Counts I and XVI under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to state a claim in either Count. Doc. [71].

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of

2

the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The Court does not decide whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

**III.   DISCUSSION**

   **A.   Count I: Negligent Misrepresentation/Fraudulent Concealment**

The statute of limitations for fraudulent and negligent misrepresentation is five years. Mo. Rev. Stat. § 516.120(5); *see also, Chicago Title Ins. Co. v. Jackson, Brouillette, Pohl & Kirley, P.C.*, 930 S.W.2d 22, 24 (Mo. Ct. App. 1996) (applying § 516.120(5) to negligent misrepresentation); *Dueker v. First Midwest Bank of Poplar Bluff*, 223 S.W.3d 181, 184 (Mo. Ct. App. 2007) (applying § 516.120(5) to fraudulent misrepresentation). However, the limitation period is tolled "if any person, by absconding or concealing himself, or by any other improper act, prevents the commencement of an action." Mo. Rev. Stat. § 516.280.

Here, the parties do not dispute that the five-year limitation applies to Count I and that over five-years has passed since the purported negligent or fraudulent misrepresentation occurred. Plaintiff, however, argues that tolling,[3] pursuant to § 516.280, applies here. In support of tolling, Plaintiff claims that he could not timely file a cause of action for negligent or fraudulent misrepresentation until he discovered the existence of HRS – a *separate* defendant. Although Plaintiff properly pleads other parties (co-defendants) allegedly concealed the identity of HRS, Plaintiff does not allege that Defendant itself took any action to "conceal" the identity of any party. Moreover, Plaintiff also fails[4] to plead any "improper act" by Defendant that led to his delay in filing suit. Mo. Rev. Stat. § 516.280; *Wheeler v. Missouri Pac. R. Co.*, 42 S.W.2d 579, 583 (Mo. banc 1931) (defining "improper act" for § 516.280 purposes as "some act on the part of the defendant that would hinder or delay the commencement of a suit"). Thus, Plaintiff's cause of action against Defendant is time barred because it was not filed until more than five years later and plaintiff failed to toll the limitation period pursuant to Mo. Rev. Stat. § 516.280.

Therefore, the Court grants Defendant's Motion to Dismiss Count I with prejudice.

**B.  Count XVI: Quiet Title**

Plaintiff acknowledges that his claim for quiet title (Count XVI) should be dismissed. Doc. [100] at 9. Therefore, the Court grants Defendant's Motion to Dismiss Count XVI with prejudice.

---

[3] Plaintiff argues that the statute of limitations should be tolled between the date in which Plaintiff was instructed to quit paying his mortgage until the identity of Home Retention Services Inc. was discovered. Doc. [68] at 39.

[4] Also, in his Opposition Brief, Plaintiff concedes that Defendant "did not materially conduct negligent misrepresentation." Doc. [100] at 8. Rather, it is the wrongdoing of Defendant's co-defendants who "fraudulently concealed the identity of their agent and denied any participation while knowing that such conduct was occurring and that damage was being sustained by borrowers." *Id.*

## CONCLUSION

With respect to the Defendant in this Motion, Plaintiff failed to plead facts sufficient to toll the limitation period pursuant to Mo. Rev. Stat. § 516.280, thus, Count I of Plaintiff's claim against Defendant is barred by Missouri's statute of limitations. Moreover, because Plaintiff concedes that his claim for quiet title is inappropriate here, Count XVI is also dismissed. Because no claims remain against Defendant in Plaintiff's suit, Defendant is dismissed from the action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State A Claim, Doc. [71], is **GRANTED.**

Dated this 3rd of November, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE